UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

_____

|  |  |  |
|---|---|---|
| | : | |
| MTU MAINTENANCE HANNOVER GmbH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. |
| v. | : | |
| | : | 25-00023 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**AMENDED COMPLAINT**

Pursuant to the Rules of the United States Court of International Trade, plaintiff MTU Maintenance Hannover GmbH, by its attorneys Simons & Wiskin, alleges for its amended complaint as follows:

**Jurisdiction**

1. The jurisdiction of this Court over the subject matter of this civil action is invoked pursuant to 28 U.S.C. § 1581(a). This is a civil action commenced to contest the denial of a protest under section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515).

2. Plaintiff has standing under 28 U.S.C. § 2361 to commence and prosecute this civil action inasmuch as plaintiff is the person who filed the protest under section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514) whose denial is contested in this action.

3. Plaintiff is the importer of record of the merchandise in the entry identified in the summons filed in this action and in the denied protest that is the subject of this civil action.

4.   The instant action was timely commenced on January 21, 2025, a date that is within one hundred and eighty (180) days after the date of mailing notice of the denial of the protest that is the subject of this civil action, October 10, 2024.

5.   All liquidated duties, charges, and exactions were paid, all administrative remedies were exhausted, and all other conditions precedent to the commencement of this action were performed or occurred before the commencement of this action.

### The Imported Merchandise

6.   The merchandise in issue is described in the shipping document as a "TURBINE MID FRAME ASSY" (hereinafter "the subject Turbine Mid-frame Assembly").

7.   The subject Turbine Mid-frame Assembly was designed and intended for use as an assembly within a gas turbine engine, and it has been so used.

8.   The subject Turbine Mid-frame Assembly was manufactured in the United States by GE Aviation (formerly known as General Electric Aircraft Engines until 2005 and now since 2022 known as GE Aerospace), in Evendale, Ohio, USA.

9.   GE Aviation used the subject Turbine Mid-frame Assembly in manufacturing a model LM2500 gas turbine, serial number 677-186, by assembling the subject Turbine Mid-frame Assembly, along with thousands of other turbine parts, components, and assemblies, into the LM2500 gas turbine, in Evendale, Ohio, USA, in 2015.

10.   The LM2500 turbine is an industrial and marine gas turbine produced by GE Aviation. The LM2500 is a derivative of the General Electric CF6 aircraft engine.

11.   Turbine LM2500 serial number 677-186, with the subject Turbine Mid-frame Assembly incorporated within it, was exported from the United States by GE Aviation in March 2015.

12.    When turbine LM2500 serial number 677-186 was exported, the exporter GE Aviation claimed drawback on certain foreign-origin parts incorporated in the turbine.

13.    No drawback was claimed or paid on the U.S.-origin subject Turbine Mid-frame Assembly when turbine LM2500 serial number 677-186 was exported.

14.    Turbine LM2500 serial number 677-186 is the article exported with the benefit of drawback in the March 2015 export shipment.

15.    After being exported, turbine LM2500 serial number 677-186 was installed in an offshore oil-drilling platform in the North Sea off the coast of Scotland and put into operation on the platform as an industrial turbine.

16.    Plaintiff MTU Maintenance Hannover GmbH, together with its affiliated MTU companies (collectively "MTU"), is a worldwide leader in maintenance, repair, and overhaul of medium and large commercial aircraft engines as well as aero-derivative engines such as the LM2500.

17.    After a period of use on the offshore oil-drilling platform, turbine LM2500 serial number 677-186 was removed from the platform in 2021 and shipped to an MTU facility in Germany for inspection, maintenance, repair, and overhaul.

18.    When MTU disassembled turbine LM2500 serial number 677-186 and inspected its parts and assemblies, MTU determined that the subject Turbine Mid-frame Assembly needed to be overhauled.

19.    The subject Turbine Mid-frame Assembly, having been removed from the turbine, was shipped to the United States in May 2021, for delivery to Component Repair Technologies, Inc., Mentor, Ohio, USA, which would overhaul the assembly and later return it to MTU for reassembly.

-3-

20.    The subject Turbine Mid-frame Assembly is a part that was imported into the United States after having been disassembled abroad from a U.S.-origin article that was exported with the benefit of drawback.

### Customs Procedural History

21.    Plaintiff MTU imported the subject Turbine Mid-frame Assembly under entry number 739-70632201 dated May 28, 2021, declaring classification as American Goods Returned in subheading 9801.00.10, Harmonized Tariff Schedule of the United States ("HTSUS"), free of duty.

22.    U.S. Customs and Border Protection ("CBP") issued a CBP Form 29 Notice of Action of "Rate Advance" to MTU dated September 15, 2021, denying the classfication as American Goods Returned and reclassifying the subject Turbine Mid-frame Assembly under the provision for other parts of other gas turbines in subheading 8411.99.90, HTSUS.

23.    CBP liquidated entry number 739-70532201 on September 17, 2021, with the subject Turbine Mid-frame Assembly classified under the provision for other parts of other gas turbines in subheading 8411.99.90, HTSUS, dutiable at 2.4% ad valorem.

24.    On March 4, 2022, protest number 3901-22-126450 was timely filed against the classification of the subject Turbine Mid-frame Assembly in entry number 739-70532201, the rate of duty assessed, and the liquidation of the entry.

25.    In response to the importer's Application for Further Review of the protest, CBP Headquarters issued Headquarters Ruling HQ H325452 dated April 15, 2024 (released to the importer's counsel in October 2024), ruling that the subject Turbine Mid-frame Assembly is not eligible for duty-free entry under subheading 9801.00.10, HTSUS, and that the protest should be denied.

-4-

26. On October 10, 2024 CBP denied protest number 3901-22-126450, which had been filed against the classification and rate of duty in, and liquidation of, entry number 739-70532201.

**First Claim for Relief**

27. Plaintiff claims that the CBP decisions as to classification of the subject Turbine Mid-frame Assembly on liquidation of the entry under the provision for other parts of other gas turbines in subheading 8411.99.90, HTSUS, the assessed rate of duty of 2.4% ad valorem, and the liquidation of the entry are not in accordance with law and/or unwarranted by the facts based on the record to be made before this court.

28. Plaintiff claims that the subject Turbine Mid-frame Assembly is properly classifiable as American Goods Returned and, specifically, under the duty-free provision for "Products of the United States when returned after having been exported ... without having been advanced in value or improved in condition by any process of manufacture or any other means while abroad," that are "not ... any article: (a) Exported with the benefit of drawback; (b) Of a kind with respect to which the importation of which an internal-revenue tax is imposed at the time such article is entered; or (c) Manufactured or produced in the United States in a customs bonded warehouse or under heading 9813.00.05, HTSUS," in subheading 9801.00.10, HTSUS, including the requirements of U.S. note 1 to subchapter 1, chapter 98, HTSUS.

29. The subject Turbine Mid-frame Assembly is a product of the United States.

30. The subject Turbine Mid-frame Assembly was returned to the United States after having been exported.

31. The subject Turbine Mid-frame Assembly was not advanced in value or improved in condition by any process of manufacture or any other means while abroad.

32. The subject Turbine Mid-frame Assembly is not an article that was exported with the benefit of drawback.

33. A part that is imported after having been disassembled from a U.S.-origin manufactured article exported with the benefit of drawback is not an article exported with the benefit of drawback.

34. The court in *Chas. Adler's Sons, Inc. v. United States*, 21 CCPA 573, T. D. 46992 (1934), stated in relevant part that: "It is clear that the drawback of duties paid upon imported material is authorized only upon *articles* manufactured or produced in the United States in whole or in part out of such material. ... We can find no warrant for holding that drawback was allowed, or could properly be allowed, upon the exportation of the [parts] here in question." 21 CCPA at 577 (italics in original).

35. The subject Turbine Mid-frame Assembly is not an article of a kind with respect to which the importation of which an internal-revenue tax is imposed at the time such article is entered.

36. The subject Turbine Mid-frame Assembly is not an article that was manufactured or produced in the United States in a customs bonded warehouse or under heading 9813.00.05, HTSUS.

37. The entry documents for entry 739-70532201, including the consolidated importer's/shipper's declaration, in conjunction with General Electric's manufacturer's affidavit, satisfy all applicable documentation requirements of the customs regulations, including the requirements in 19 C.F.R. § 10.1 [see CBP Protest & Entry File, ECF No. 12-1, at 19-20 & 22].

**Second Claim for Relief**

38.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27, 29 through 31, and 35 through 37 of this complaint.

39.    Plaintiff claims in the alternative to its first claim for relief that, if the Court rules that the subject Mid-frame Assembly is an article exported with the benefit of drawback, the subject Mid-frame Assembly is property classifiable as American Goods Returned after having been exported with the benefit of drawback in subheading 9801.00.80, HTSUS, dutiable as provided in that subheading.

40.    In accordance with C.S.D. 85-32, 19 Cust. Bull. & Dec. 559 (1985), and its progeny, where goods are classifiable as American Goods Returned after being exported with the benefit of drawback, it is incumbent upon CBP to determine the drawback paid if the importer is not the drawback claimant.

**Request for Remedy**

WHEREFORE, Plaintiff MTU requests the United States Court of International Trade to enter judgment for the plaintiff and against the United States, determining that the imported merchandise is properly classified in subheading 9801.00.10, HTSUS, free of duty, or in the alternative in subheading 9801.00.80, HTSUS, dutiable as provided in that subheading, and ordering

U.S. Customs and Border Protection to reliquidate the entry and refund excess duties paid, with

interest as provided by law, and to grant such other and further relief as justice requires.

Date: May 23, 2025

SIMONS & WISKIN
*Attorneys for Plaintiff*

/s/ *Patrick C. Reed*

Patrick C. Reed
Jerry P. Wiskin

98 Craig Road
Manalapan, New Jersey 07726
tel.: 646-627-6227
email: pcr@simonswiskin.com